COURT OF APPEALS
DECISION
DATED AND FILED

September 24, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.   2019AP105-CR**
**2019AP106-CR**

Cir. Ct. Nos. 2017CF3763
2017CM2528

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MARVIN FRANK ROBINSON,

DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Milwaukee County:  MICHAEL J. HANRAHAN, Judge. *Affirmed*.

¶1    KESSLER, J.[1] Marvin Frank Robinson appeals a judgment of conviction, following a guilty plea, of one count of battery and one count of

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

knowingly violating a restraining order, all charged with the domestic abuse modifier, in Milwaukee County Circuit Court case No. 2017CM2528. He also appeals from the judgment of conviction, following a guilty plea, of one count of misdemeanor bail jumping, one count of criminal damage to property, and one count of disorderly conduct, all charged with the domestic abuse modifier, in Milwaukee County Circuit Court case No. 2017CF3763. Robinson also appeals from the postconviction order in these consolidated cases denying his motion for relief. We affirm.

## BACKGROUND

¶2 On July 21, 2017, Robinson was charged with one count of misdemeanor battery as an act of domestic abuse and three counts of knowingly violating a domestic abuse restraining order, all with domestic abuse assessments, in case No. 2017CM2528. According to the criminal complaint, on July 12, 2017, Milwaukee police were dispatched to a City of Milwaukee apartment for a report of battery. When police arrived, they met J.R.D., who told police that earlier that morning Robinson came to her mother's apartment and Robinson and J.R.D. got into an argument. Robinson said "you better not be cheating on me," then aggressively bear hugged J.R.D. from the front, grabbed her hair, and pushed her to the ground. Robinson said "if you're cheating on me, I'll kill you."

¶3 On July 15, 2017, police arrived at J.R.D.'s apartment to investigate a report of a restraining order violation. J.R.D. told officers that her "ex-boyfriend" (Robinson), was just at her apartment ringing the doorbell. J.R.D. told police that she obtained a restraining order against Robinson two days before. She also told police that she could see that Robinson was the one ringing the bell from a side window.

¶4 Three days later, officers were again dispatched to J.R.D.'s apartment to investigate another restraining order violation. J.R.D. told police that a neighbor informed her that she (the neighbor) saw Robinson at the residence. Later that same day, police were again dispatched to J.R.D.'s apartment. J.R.D. told officers that she was changing her locks when Robinson walked into the apartment and told J.R.D. that he was there to collect his things. J.R.D. told Robinson he was not allowed to be there and called the police.

¶5 On August 17, 2017, Robinson was charged with one count of stalking, two counts of misdemeanor bail jumping, two counts of disorderly conduct, and one count of criminal damage to property, all with domestic abuse assessments, in case No. 2017CF3763. According to the criminal complaint, on August 11, 2017, police were again dispatched to J.R.D.'s apartment. J.R.D. told police that she pulled up to her apartment with her sister and saw that her detached garage was open. J.R.D. then saw Robinson walk out of the garage. Robinson shouted at J.R.D. to "get out of the car." J.R.D. told Robinson he was not supposed to be there and kept driving. When J.R.D. returned to her apartment, she noticed that her bedroom window was broken and called the police.

¶6 The next day, police returned to J.R.D's apartment. J.R.D. told police that she received a call from her neighbor, who told J.R.D. that "weird noises" were coming from the rear of the residence. J.R.D. was not home at the time, but when she arrived home she saw Robinson outside of the residence. J.R.D. immediately tried to reverse her car, but Robinson approached the driver's side window and began to pound on it. Robinson opened the car door, breaking the handle. J.R.D. was able to close the door and Robinson fell. Robinson then fled on a bicycle.

¶7     Robinson pled guilty to misdemeanor battery with domestic abuse assessments and to knowingly violating a temporary restraining order with domestic abuse assessments in case No. 17CM2528. Robinson also pled guilty to misdemeanor bail jumping, criminal damage to property, and disorderly conduct, all with domestic abuse assessments in case No. 17CF3763. The remaining charges in both cases were dismissed and read in. During the plea colloquy, Robinson's counsel stipulated that the circuit court could rely on the facts in the criminal complaint to establish the factual basis for Robinson's pleas. The court then discussed the facts in the criminal complaints, assessed Robinson's understanding of the charges and the rights he was giving up, confirmed that Robinson reviewed the details of the plea and the waiver of rights form with his attorney, and determined that Robinson's plea was voluntary. The court also indicated that each count was a charge "with domestic abuse assessments" and stated that it was accepting Robinson's guilty pleas "with domestic abuse assessments." The court then sentenced Robinson and imposed a $100 domestic abuse surcharge to each of the five counts.

¶8     Robinson filed a postconviction motion, asking the postconviction court to strike the reference in the judgment of conviction to the domestic abuse modifier on count one in case No. 17CM2528, to vacate the domestic abuse surcharges on count one of case No. 17CM2528, and to vacate the domestic abuse surcharges on all counts in case No. 17CF3763. Robinson argued that the record was "insufficient to establish that [Robinson's] offenses met the definition of domestic abuse in [WIS. STAT. §] 968.075, and the court did not make the explicit finding required by [WIS. STAT. §] 973.055(1)(a)2[.] before imposing the domestic abuse surcharge." Specifically, Robinson argued that there was no basis for the domestic abuse modifier because "the complaints do not indicate any facts that

4

establish that Mr. Robinson and J[.]R[.]D[.] were either married or formerly married, that they resided together or had formerly resided together, or that they had a child in common."

¶9      At a hearing on the motion, the postconviction court found that sufficient facts supported a finding that Robinson and J.R.D. were in a qualifying relationship for purposes of the domestic abuse modifier. Specifically, the court found: (1) J.R.D. was changing her locks when Robinson came to her apartment; (2) Robinson came to "get his stuff" from inside the residence; (3) defense counsel stated at sentencing that Robinson and J.R.D. were in a long-term relationship; (4) the restraining order, which was attached to one of the complaints, contained two sworn statements from J.R.D. stating that she and Robinson were in a "live-in" relationship; and (5) Robinson conceded that the facts met the necessary standard. This appeal follows.

## DISCUSSION

¶10     On appeal, Robinson contends that the record was insufficient to establish a factual basis for the imposition of the domestic abuse modifier under WIS. STAT. § 968.075 and to require Robinson to pay to the domestic abuse surcharges under WIS. STAT. § 973.055.

¶11     "Domestic abuse" is not a standalone crime but, rather, a modifier that can be attached to other offenses. Whether an offense qualifies as "domestic abuse" within the meaning of WIS. STAT. § 968.075(1)(a) is a mixed question of fact and law. *See State v. Schmidt*, 2004 WI App 235, ¶13, 277 Wis. 2d 561, 691 N.W.2d 379. This court applies a "clearly erroneous" standard of review to a circuit court's factual findings. *See id.*

5

¶12    WISCONSIN STAT. § 968.075 sets forth the definition of domestic abuse as follows:

> (1) DEFINITIONS.  In this section:
>
> (a) "Domestic abuse" means any of the following engaged in by an adult person against his or her spouse or former spouse, against an adult with whom the person resides or formerly resided or against an adult with whom the person has a child in common:
>
> 1. Intentional infliction of physical pain, physical injury or illness.
>
> 2. Intentional impairment of physical condition.
>
> 3. A violation of [WIS. STAT. §] 940.225(1), (2) or (3).
>
> 4. A physical act that may cause the other person reasonably to fear imminent engagement in the conduct described under subd. 1, 2 or 3.

¶13    Robinson argues that the complaint lacked any facts establishing that he and J.R.D. were either married or formerly married, that they resided together or had formerly resided together, or that they had a child in common, as required by WIS. STAT. § 968.075(1)(a).  Specifically, Robinson argues that the restraining order, which was attached to the complaint, was not incorporated into the complaint, making the circuit court's (and subsequently the postconviction court's) reliance on the facts in the restraining order erroneous.  Robinson is mistaken.

¶14    The criminal complaint in case No. 2017CF3763 specifically referenced the restraining order.  The complaint states that J.R.D. told officers about the injunction.  The injunction was referenced by a section titled "Pertaining to the Violation of the Domestic Abuse Injunction," which indicated that "This complaint is further based upon review of the Temporary Restraining Order issued

… on July 13, 2017." Further, in case No. 17CM2528, Robinson pled guilty to violating a domestic abuse restraining order. The restraining order noted that Robinson was J.R.D.'s "current or former live-in boyfriend." During the plea colloquy, Robinson acknowledged that the facts contained in the complaint were true and correct, the parties agreed that the complaint would constitute the factual basis for the pleas, and the court stated that it would rely upon the facts in the complaint. It necessarily follows that the restraining order was properly relied upon by the circuit court and subsequently by the postconviction court.

¶15 Robinson's argument also ignores the multiple other findings of both the circuit and postconviction courts. The postconviction court, in elaborating on the circuit court's findings, noted that J.R.D. was changing her locks when Robinson entered the apartment and that Robinson was returning to the apartment to collect his things, clearly suggesting that the two lived together at one point. The court also noted that J.R.D. told police about a history of domestic violence between herself and Robinson and that defense counsel stated that J.R.D. and Robinson were in a long-term relationship. All of these facts support the courts' findings that J.R.D. and Robinson had a qualifying relationship under WIS. STAT. § 968.075.

¶16 We also conclude that the record supports the circuit court's imposition of the domestic abuse surcharges. Robinson contends that he should not have to pay the domestic abuse surcharges because the circuit court never made an explicit finding of a qualifying domestic relationship as required by WIS. STAT. § 973.055(1)(a)2.

¶17 The imposition of a domestic abuse surcharge is governed by WIS. STAT. § 973.055. That section provides, in relevant part:

(1) If a court imposes a sentence on an adult person or places an adult person on probation, regardless of whether any fine is imposed, the court shall impose a domestic abuse surcharge under ch. 814 of $100 for each offense if:

(a)1. The court convicts the person of a violation of a crime specified in ... [WIS. STAT. §] 940.19 ... [or WIS. STAT. §] 940.30 ...; and

2. The court finds that the conduct constituting the violation under subd. 1 involved an act by the adult person against his or her spouse or former spouse, against an adult with whom the adult person resides or formerly resided or against an adult with whom the adult person has created a child.

¶18 The postconviction court acknowledged that "there's not a statement in the pleading document [that J.R.D. and Robinson had a qualifying relationship] as it stands alone," but stated "when the [circuit] [c]ourt made the finding that there was a sufficient and factual basis … I did state there was a factual basis for the domestic abuse assessments." We have already discussed the facts relied upon by both the circuit and postconviction courts and conclude that they support the imposition of the domestic abuse surcharges.

¶19 For the foregoing reasons, we affirm the judgments and order.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.